IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL ACTION NO. 3:07cv00111 |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| MAHA PRABHU, INC. d/b/a SUBWAY, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Carmen Sullivan who was adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (hereinafter "Commission"), alleges that Defendant Maha Prabhu Inc. d/b/a Subway (hereinafter "Defendant") failed to hire Sullivan because it regarded her as disabled.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina. The lawsuit is being filed in the Western District because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within this district.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3), 42 U.S.C. §§ 2000e-5(f) (1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina, operating stores in the Charlotte metropolitan area, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Carmen Sullivan ("Sullivan") filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Sullivan was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the sandwich artist and/or cashier job for which she applied with Defendant.

9. In or around October 2005, Defendant engaged in an unlawful employment practice in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a). Specifically, Defendant failed to hire Sullivan for a sandwich artist and/or cashier position because of her (perceived) disability.

10. The effect of the practices complained of in Paragraph 9 above has been to deprive Sullivan of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her (perceived) disability.

11. The unlawful employment practices complained of in Paragraph 9 above were intentional.

12. The unlawful employment practices complained of in Paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Sullivan.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Sullivan whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Sullivan whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 9, in amounts to be determined at trial.

E. Order Defendant to make Sullivan whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 9 above, including but not limited to emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of civil rights and loss of self-esteem in amounts to be determined at trial.

F. Order Defendant to pay Sullivan punitive damages for its malicious and reckless conduct, as described in Paragraph 9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 14th day of March, 2007.

          Respectfully submitted,

          RONALD S. COOPER
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          1801 L Street, N.W.
          Washington, D.C. 20507

          s/ Lynette A. Barnes
          LYNETTE A. BARNES (NC Bar 19732)
          Regional Attorney
          Email: lynette.barnes.eeoc.gov

          s/ Tina Burnside
          TINA BURNSIDE (WI Bar 1026965)
          Supervisory Trial Attorney
          Email: tina.burnside@eeoc.gov

          s/ Kara Gibbon Haden
          KARA L. GIBBON HADEN (NC Bar 26192)
          Senior Trial Attorney
          Email: kara.haden@eeoc.gov

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Charlotte District Office
          129 W. Trade Street, Suite 400
          Charlotte, NC 28202
          Telephone: 704.344.6887
          Facsimile: 704.344.6780