**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:07CV00111-RJC-DCK**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **MAHA PRABU, INC. d/b/a SUBWAY,** <br><br> Defendant. | **JOINT CONSENT PROTECTIVE ORDER** |

To facilitate the production and receipt of information during discovery in this lawsuit, the parties have consented, through their respective counsel, for the protection of confidential and other commercial information that may be produced or otherwise disclosed during the course of this lawsuit.

It is hereby **ORDERED** that:

1. This Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) medical records or other health-related information; (b) information relating to the

-1-

income and finances of Carmen Sullivan; (c) personal information about Defendant's past and present employees, officers, directors and contractors, including but not limited to: social security numbers and personnel records; and (d) information relating to the Defendant's confidential business information and records, including but not limited to any financial information.

      2.      The parties may designate documents and information as "Confidential" in the following manner:

      (a)      In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous. Where discovery is provided by allowing access to documents or tangible things for inspection, all items being inspected shall be considered "Confidential" until the party allowing access indicates otherwise in writing or delivers copies of the documents or tangible things with no "Confidential" designation to the party seeking discovery;

      (b)      In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

      (c)      In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party that claims confidential information is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for the designating party should indicate

in a clear fashion the portion of the document or testimony that is intended to be designated as confidential.

(d) In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within 20 days of discovery of the inadvertent production. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

3. Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

4. All information designated "Confidential" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(a) The Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(b) Counsel for the parties, their staff members, their professional and para-professional employees;

(c) Any expert witnesses or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(d) Charging party and the parties to this litigation, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

(e) By mutual consent.

Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation or as mutually agreed by the parties and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of confidential materials during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

5. Nothing in this Agreement shall prevent or impair the use by a party of confidential materials in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any confidential material is filed with the Court, counsel filing the confidential material shall file it under seal in accordance with Local Rule 5.1.

6. All documents designated as containing "Confidential" information shall be stored and maintained at the offices of attorneys of record or in their custody and control.

7. The restrictions set forth in the preceding paragraphs shall not apply to information which: (a) is or becomes public knowledge, in a manner not involving a violation of this Order; (b) is acquired by the non-designating party from a third party lawfully in possession of such information and having no obligation to the owner thereof, or (c) was in the lawful possession of the non-designating party prior to disclosure in this lawsuit pursuant to this Order and for which the non-designating party has no obligation to the owner thereof or any party.

8. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

9. All confidential materials subject to the Order shall be returned to the producing party within ninety (90) days of the conclusion and final disposition of this civil lawsuit, including the conclusion of any appeal. However, the EEOC, at its election, may destroy the confidential materials in the normal course of its business and in accordance with its document retention procedures.

10. If any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

IT IS SO ORDERED.

Signed: October 30, 2007

David C. Keesler
United States Magistrate Judge