# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-111-RJC-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    **ORDER** ) |
| MAHA PRABHU, INC. d/b/a SUBWAY, | ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Independent Mental Examination..." (Document No. 19), filed February 5, 2008; "Plaintiff EEOC's Memorandum In Opposition To Defendant's Motion For Independent Medical Examination..."(Document No. 24), filed February 29, 2008; "Defendant's Reply In Support Of Its Motion For Independent Mental Examination..." (Document No. 29), filed March 7, 2008; "Plainitff [*sic*] Equal Employment Opportunity Commission's Motion To Quash Defendant's Subpoenas And Motion For Protective Order (Document No. 27), filed March 6, 2008; and "Defendant's Response To Plaintiff EEOC's Motion To Quash Defendant's Subpoenas To United Family Services And Motion For Protective Order" (Document No. 32), filed March 24, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for disposition.

Having carefully considered the motions, the record, applicable authority, and the arguments of counsel at a motions hearing on March 27, 2008, the undersigned will grant Defendant's motion and deny Plaintiff's motion.

## I. BACKGROUND

The Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed this action on March 14, 2007, under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct allegedly unlawful employment practices on the basis of disability and to provide appropriate relief to Carmen Sullivan ("Sullivan") who allegedly was adversely affected by such practices. Specifically, Plaintiff contends that Maha Prabhu, Inc. ("Subway" or "Defendant") failed to hire Sullivan because of a perceived disability. Sullivan suffers from lupus which apparently has caused significant scarring to her face.

Plaintiff's "Complaint" (Document No. 1) basically seeks to (1) enjoin Defendant from engaging in any employment discrimination based on disability; (2) require Defendant to provide back pay to Sullivan; (3) require Defendant to provide compensation for past and future pecuniary losses; (4) require Defendant to provide compensation for past and future non-pecuniary losses "including but not limited to emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of civil rights and loss of self-esteem;" and (5) require Defendant to "pay Sullivan punitive damages for its malicious and reckless conduct." (Document No. 1 at 3-4). Reportedly, some of the relief originally sought by Plaintiff has been, or will be, waived.[1] Defendant contends that allegations of Sullivan's "emotional distress" are central to the remaining claims.

Now before the Court are motions regarding discovery sought by Plaintiff pursuant to Federal Rules of Civil Procedure 35 and 45.

## II. DISCUSSION

First, Defendant seeks an Order requiring Sullivan to submit to an Independent Mental

---

[1] The undersigned instructed the parties at the hearing on March 27, 2008 to file a Notice with the Court reflecting which claims have been waived.

Examination ("IME") by Thomas Gualtieri, M.D. to examine "pursuant to standard and accepted psychological and psychiatric protocols, . . . allegations of mental, emotional and physical injuries made by Plaintiff in this case." (Document No. 19 at 1). Answers to interrogatories, as well as responses to deposition questions, by Carmen Sullivan suggest that the emotional distress she suffered as a result of the alleged wrong by Defendant amounts to severe emotional distress. When asked to specify all physical and emotional injuries Sullivan suffered, Plaintiff answered in part:

> The physical and emotional injuries sustained by Ms. Sullivan as a result of Defendant's discriminatory conduct include but are not limited to the following: Ms. Sullivan was unable to eat and lost weight. She suffered anxiety, stress, and humiliation. Ms Sullivan had difficulty sleeping. She did not want to interact with other people. She felt she was an outcast because of the way Defendant rejected her employment because of her impairment. Ms. Sullivan was fearful of applying for employment because she felt she would be rejected by other employers like Defendant had rejected her.

(Document No. 19-3 at 4). Sullivan also described her emotional distress this way: "I felt as if I was raped of my human rights to be able to walk into a place and fill out an application. I didn't want to go through that humiliation again." (Document No. 24-3 at 89). After being rejected by Subway, Plaintiff apparently did not apply for another job for nineteen (19) months.

The Federal Rules allow that "[t]he court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a). The parties agree that a such motion may be made pursuant to Fed.R.Civ.P. 35 for "good cause" and when the subject's mental condition is "in controversy."

Plaintiff argues that it seeks damages for "garden-variety emotional distress" and that Defendant has not met the requirements of showing "good cause" and that Sullivan's mental

3

condition is "in controversy." (Document No. 24 at 4-5). Plaintiff cites federal case law that identifies factors which, if present, typically lead to the granting of an IME: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that her mental condition is "in controversy" within the meaning of Rule 35." (Document No. 24 at 6) citing Turner v. Imperial Stores, 161 F.R.D. 89, 93 (S.D. Cal. 1995). At a minimum, the undersigned is convinced that Plaintiff's Complaint, answers to interrogatories, and deposition statements indicate "a claim of unusually severe emotional distress." The emotional distress described above by Plaintiff and Sullivan shows something more than "garden-variety emotional distress." Therefore, the Court after careful review of the briefs and consideration of the arguments of counsel at a motions hearing, will allow an independent mental examination pursuant to Rule 35.

Next, Plaintiff has made a motion (Document No. 27) to quash subpoenas issued by Defendant to United Family Services ("UFS") for the file pertaining to Sullivan's stay at the Charlotte Battered Women's Shelter in October/November 2005. Plaintiff essentially contends that this information is irrelevant, that the subpoenas were not filed with proper notice, and that the subpoenas are overly invasive of Sullivan's privacy. Defendant contends that the information sought may lead to admissible evidence on the issue of Sullivan's emotional distress.

The undersigned is keenly aware of the potentially sensitive nature of these documents and of any record of a person's stay at this shelter or one like it. However, Fed.R.Civ.P. 26(b)(1) allows the Court broad discretion: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Relevant information need not be admissible at the trial*

*if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*" Fed.R.Civ.P. 26(b)(1) (emphasis added). While admittedly sensitive, the information sought by Defendant appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, the undersigned will deny the motion to quash the subpoenas, but will require the following limitations to the information requested:

(1) documents produced by UFS to the parties shall be labeled CONFIDENTIAL - ATTORNEYS EYES ONLY;

(2) counsel for UFS may redact portions of the documents as he deems appropriate under law;

(3) documents produced by UFS shall be returned to UFS at end of this case;

(4) where not in conflict with these first three limitations, the terms of the "Joint Consent Protective Order" (Document No.14) shall also apply to the information provided by UFS to the parties.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Independent Mental Examination..." (Document No. 19) is **GRANTED**. The parties shall work together expeditiously to find a mutually convenient time for the examination. The scope of the examination must be reasonable.

**IT IS FURTHER ORDERED** that "Plainitff [*sic*] Equal Employment Opportunity Commission's Motion To Quash Defendant's Subpoenas And Motion For Protective Order (Document No. 27) is **DENIED,** subject to the restrictions herein.

**IT IS FURTHER ORDERED** that if the parties have not completed mediation and filed a

report on the results, they shall immediately file a joint motion for extension of time indicating the date and mediator they did/will use and when such report of mediation will be filed. The Court notes that pursuant to the "Pretrial Order and Case Management Plan" (Document No. 15), the deadline for completing mediation and filing a report on the results is **March 28, 2008**.

<u>The Clerk of Court shall send copies of this Order to counsel for the parties, as well as, counsel for United Family Services, Mr. Andrew M. Habenicht of Kennedy Covington</u>.

**SO ORDERED**.

Signed: March 28, 2008

David C. Keesler
United States Magistrate Judge