UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-111-RJC

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MAHA PRABHU, INC. d/b/a SUBWAY, | ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on the Plaintiff's Objections (Doc. No. 37) to Magistrate Judge's Order granting the Defendant's Motion for Independent Mental Examination (Doc. No. 33).

## I. BACKGROUND

The Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action on March 14, 2007, under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct allegedly unlawful employment practices on the basis of disability and to provide appropriate relief to Carmen Sullivan who allegedly was adversely affected by such practices. Specifically, the Plaintiff contends that the Defendant Maha Prabhu, Inc. failed to hire Ms. Sullivan because of a perceived disability. Ms. Sullivan suffers from lupus which apparently has caused significant scarring to her face. The Plaintiff's Complaint seeks compensation for past and future non-pecuniary losses "including but not limited to emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of civil rights and loss of self-esteem." (Doc. No. 1 at 4). The Defendant contends that by seeking damages for emotional distress, the Plaintiff has placed Ms.

Sullivan's mental state in controversy requiring an Independent Mental Examination ("IME").

The Defendant seeks an Order requiring Ms. Sullivan to submit to an IME by Thomas Gualtieri, M.D., to examine "pursuant to standard and accepted psychological and psychiatric diagnostic protocols, . . . allegations of mental, emotional, and physical injuries made by Plaintiff in this case." (Doc. No. 19 at 1). Answers to interrogatories, as well as responses to deposition questions, by Ms. Sullivan have caused the Defendant to assert that the emotional distress she suffered as a result of the alleged wrong by the Defendant amounts to severe emotional distress. When asked to specify all physical and emotional injuries Ms. Sullivan suffered, the Plaintiff answered in part:

> The physical and emotional injuries sustained by Ms. Sullivan as a result of Defendant's discriminatory conduct include but are not limited to the following: Ms. Sullivan was unable to eat and lost weight. She suffered anxiety, stress, and humiliation. Ms Sullivan had difficulty sleeping. She did not want to interact with other people. She felt she was an outcast because of the way Defendant rejected her employment because of her impairment. Ms. Sullivan was fearful of applying for employment because she felt she would be rejected by other employers like Defendant had rejected her.

(Doc. No. 19-3 at 4). Ms. Sullivan also described her emotional distress this way: "I felt as if I was raped of my human rights to be able to walk into a place and fill out an application. I didn't want to go through that humiliation again." (Doc. No. 24-2 at 89-90). After being rejected by Subway, Ms. Sullivan did not apply for another job for nineteen (19) months.

The Magistrate Judge concluded that the Plaintiff's Complaint, answers to interrogatories, and deposition statements indicated a claim of unusually severe emotional distress and showed something more than garden-variety emotional distress. The Magistrate Judge allowed an IME pursuant to Rule 35. Now before the Court are the Plaintiff's objections to the Magistrate Judge's Order granting the Defendant's Motion for an IME.

## II. STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the 'clearly erroneous or contrary to law' standard of review." Tafas v. Dudas, 530 F. Supp. 2d 786, 792 (E.D.Va. 2008). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985).

## III. REQUIREMENTS OF RULE 35

Unlike other tools of discovery, physical and mental examinations require more than a showing of mere relevance. See Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); Guilford Nat'l Bank of Greensboro v. S. Ry. Co., 297 F.2d 921, 923-24 (4th Cir. 1962). "Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate." Guilford Nat'l Bank, 297 F.2d at 924. Thus, Rule 35 requires (1) an affirmative showing by the movant of "good cause" for ordering an independent medical examination, and (2) a showing that the mental or physical condition is truly "in controversy." Fed. R. Civ. P. 35. The "in controversy" and "good cause" requirements of Rule 35,

> are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

Schlagenhauf, 379 U.S. at 118.

### A. "GOOD CAUSE" REQUIREMENT

Rule 35 stipulates that good cause exists for an independent medical evaluation where the claimant's condition is not only relevant, but necessary. Guilford Nat'l Bank, 297 F.2d at 924. Generally, an allegation of emotional distress will make a plaintiff's mental state relevant to the proceedings. See, e.g., Ricks v. Abbott Labs., 198 F.R.D. 647, 648 (D.Md. 2001). However, moving beyond relevancy, the parties must show necessity, which is the element that separates the procedures involving independent medical examinations and other tools of discovery. Schlagenhauf, 379 U.S. at 118. Where the average lay person would have difficulty evaluating the nature, extent, and cause of the claimant's injuries, there is good cause for an independent medical evaluation. See Greenhorn v. Marriot Int'l Admin. Servs., Inc., 216 F.R.D. 649, 652 (D.Kan. 2003). However, good cause does not exist where the desired information could have been obtained through less invasive tools of discovery. Schlagenhauf, 379 U.S. at 118. Thus, necessity arises where the average person's understanding ends and other means of obtaining information are exhausted.

### B. "IN CONTROVERSY" REQUIREMENT

A claimant's medical condition is not necessarily placed in controversy simply by the language of the pleadings. Id. at 119. Rather, a court must find that the condition rises above the level of "garden-variety" emotional distress. See, e.g., Cauley v. Ingram Micro, Inc., 216 F.R.D. 241, 244 (W.D.N.Y. 2003) (finding that plaintiff's admission to hospital and medical treatment was not merely "garden variety" allegation of emotional distress but was unusually severe). Mental or physical conditions have been found to be in controversy where (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of

disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is "in controversy" pursuant to Rule 35. Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D.Cal. 1995). However, a claim of unusually severe emotional distress usually must be accompanied by another of the Turner factors in order to merit an independent examination. Compare Peters v. Nelson, 153 F.R.D. 635, 638 (N.D. Iowa 1994) (finding that an independent examination should be ordered because plaintiff alleged psychiatric injury and had conceded that her condition was in controversy), and Tomlin v. Holecek, 150 F.R.D. 628, 629 (D. Minn. 1993) (granting defendant's motion for an independent examination where plaintiff had alleged severe and permanent injury and had manifested an intent to use expert testimony at trial), with Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222 (S.D.N.Y. 1994) (noting that a claim of emotional distress requiring an examination is usually accompanied by an allegation of ongoing severe mental injury or a separate tort claim of such distress), and Cody v. Marriott Corp., 103 F.R.D. 421, 423 (D.Mass. 1984) (holding that the failure to allege specific psychiatric disorder requiring psychiatric or psychological counseling prevents an independent examination).

## IV. DISCUSSION

In this case, the Magistrate Judge has not identified what showing by the Defendant satisfies each of the specific and separate "good cause" and "in controversy" requirements in Rule 35. Rather, the Magistrate Judge has merely identified a general set of factors that may lead to the granting of an independent examination. By not clearly identifying how the Defendant has satisfied the "good cause" or "in controversy" requirements, this Court finds the ruling of the Magistrate Judge clearly erroneous. Because the Magistrate Judge's ruling was clearly erroneous and objections have been filed by the Plaintiff (Doc. No. 37), this Court shall review the findings of the Magistrate

*de novo*. 28 U.S.C.A. § 636.

Whether Ms. Sullivan's condition is "in controversy" under Rule 35 depends upon the characterization of her emotional distress. The parties disagree as to whether Ms. Sullivan's emotional distress is "unusually severe" or merely "garden-variety." The Defendant argues that Ms. Sullivan's severe level of distress requires examination by an independent examiner. The Plaintiff, however, asserts that Ms. Sullivan suffers from a "garden-variety" brand of emotional distress that does not require expert knowledge or testimony. In the Plaintiff's allegations, she describes that she had difficulty sleeping, suffered from anxiety and stress, lost weight, did not want to interact with others, and felt like an outcast. (Doc. No. 19-3 at 4). She also stated that she felt humiliated and "raped of [her] human rights" as a result of the Defendant's conduct. (Doc. No. 19-4 at 39-41). This case is similar to those in which courts have refused mental examinations in that there is no claim of specific psychiatric injury, but rather generalized feelings of distress. See Cody, 103 F.R.D. at 423; Sabree v. United Bhd. of Carpenters & Joiners of Am., 126 F.R.D. 422, 426 (D.Mass. 1989). Because there is no physical or mental condition requiring further investigation by a trained professional, the pleadings do not adequately place Ms. Sullivan's emotional distress in controversy.

Moreover, there is no good cause for an independent examination because a reasonable lay person would be able to understand Ms. Sullivan's symptoms of emotional distress. Feelings of isolation, humiliation, anxiety, and stress are not unique to Ms. Sullivan, but rather can be understood by the lay person. Because there is no need for a clinical explanation of her condition, the fact-finder can assess the credibility of her condition without expert testimony. Allowing expert testimony whenever physical or mental injury would be inconsistent with the "beyond relevance" standard for independent examinations as set forth in Rule 35. Until the Plaintiff indicates that an expert witness will be called to testify regarding Ms. Sullivan's mental state, this Court finds that

no good cause exists that would require such invasive discovery.

Finally, this Court finds that no good cause exists because other tools of discovery could be used to obtain the information sought by the Defendant. In its motion, the Defendant notes a number of different possible causes such as Ms. Sullivan's criminal history, domestic violence experiences, and time as a transient resident of different locations. (Doc. No. 19-2 at 6-7). While the Defendant claims that an independent examination is necessary to adequately defend against the Plaintiff's allegations, the use of this procedure is inappropriate in this case. Sweeping examinations where a party has not placed an issue firmly in controversy should not be ordered where there the plaintiff's allegations are general. Schlagenhauf, 379 U.S. at 121. Ms. Sullivan's allegations are generalized and do not require specific medical knowledge. Therefore, this Court is not convinced that a wide-ranging intrusion into her privacy is merited especially where the opportunity to have questioned Ms. Sullivan through deposition and interrogatories has passed.

## V. CONCLUSION

This Court hereby **REVERSES** the ruling of the Magistrate Judge. The language of the Defendant's pleadings referring to emotional distress does not, by itself, bring Ms. Sullivan's condition is in controversy. Also, the Defendant failed to show the requisite necessity of an independent examination to satisfy the good cause requirement in Rule 35. It is therefore **ORDERED** that the Defendant's Motion for Independent Mental Examination of Carmen Sullivan must be **DENIED**.

Signed: June 23, 2008

Robert J. Conrad, Jr.
Chief United States District Judge