# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-111-RJC-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **ORDER** ) |
| MAHA PRABHU, INC. d/b/a SUBWAY, | ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff Equal Employment Opportunity Commission's Motion To Compel Responses To EEOC's Third Request For Production" (Document No. 41) and "...Memorandum Of Law In Support..." (Document No. 42), filed April 28, 2008; "Defendant's Response To Plaintiff EEOC's Motion To Compel..." (Document No. 44), filed May 12, 2008; "Plaintiff's Reply To Defendant's Response..." (Document No. 51), filed May 23, 2008; "Defendant's First Motion For Protective Order" (Document No. 45), filed May 12, 2008; "Plaintiff EEOC's Response To Defendant's First Motion For Protective Order" (Document No. 52), filed May 23, 2008; and "Defendant's Reply In Support Of Its First Motion For Protective Order" (Document No. 58), filed June 2, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition.

Having carefully considered the motions, the record, and the applicable authority, the undersigned will <u>deny</u> the motion to compel and <u>grant</u> the motion for protective order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed this action on March 14, 2007, under Title I of the Americans with Disabilities Act of 1990 and Title I of the

Civil Rights Act of 1991, to correct allegedly unlawful employment practices on the basis of disability and to provide appropriate relief to Carmen Sullivan ("Sullivan"), who allegedly was adversely affected by such practices. Specifically, Plaintiff contends that Maha Prabhu, Inc. ("Subway" or "Defendant") failed to hire Sullivan because of a perceived disability. Sullivan suffers from Lupus, which apparently has caused significant scarring to her face.

Plaintiff's "Complaint" (Document No. 1), as amended by the "Notice Of Amendment Of Prayer For Relief" (Document No. 35), basically seeks to (1) enjoin Defendant from engaging in any employment discrimination based on disability; (2) require Defendant to provide compensation for past non-pecuniary losses, "including but not limited to emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of civil rights and loss of self-esteem;" and (3) require Defendant to "pay Sullivan punitive damages for its malicious and reckless conduct." (Document No. 1 at 3-4) (Document No. 35).

The issue now pending before the Court is whether Defendant should be compelled to provide certain documents and information sought in "Plaintiff EEOC's Third Request For Production To Defendant" (Document No. 42-3), Nos. 28 through 36, or whether Defendant is entitled to a protective order that prevents the dissemination of the documents requested.

## II. STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

2

of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III. DISCUSSION

A preliminary issue in considering the pending motion to compel and motion for protective order is whether Plaintiff has adequately asserted a claim for punitive damages. The parties agree that a prima facie showing that Plaintiff is entitled to punitive damages would establish the relevancy of certain financial information of the Defendant, and thus make it discoverable. (Defendant Letter to Plaintiff, Document No. 42-6)("Defendant's financial condition is relevant, if at all, only to the extent that Plaintiff seeks punitive damages and that such punitive damages should not be disproportionate to Defendant's net worth"); (EEOC's Memorandum of Law, Document No. 42)("vast majority of federal district courts have held that, as a general rule, a defendant's financial status is relevant when a claim for punitive damages has been made").

In the instant case, the presiding district judge, the Honorable Robert J. Conrad, Jr.,

determined in ruling on "Defendant's Motion For Partial Summary Judgment On Punitive Damages" (Document No. 40) that Plaintiff has not made a viable claim for punitive damages. (Document No. 72). Therefore, the issue remaining before the undersigned is narrowed by virtue of Judge Conrad's decision granting partial summary judgment to what, if any, financial information requested by Plaintiff's motion to compel must be produced.

Plaintiff's requests for production include the following documents for the period from January 1, 2005, to the present: (1) all documents that support Defendant's position that it has limited financial resources; (2) all property tax assessments and statements; (3) documents that show payments to persons with an ownership interest in Defendant; (4) documents showing all payments made on any loan; (5) documents that show the initiation of loans that Defendant received; (6) all statements reflecting any activity in any account with a financial institution; (7) documents showing the amount and date of sums paid by Defendant to any other legal entity owned by Kamlesh Shah or Paru Shah; (8) documents showing the amount and date of any fees and expenses paid by Defendant on behalf of another legal entity owned by Kamlesh Shah or Paru Shah; and (9) documents showing the amount and date of any fees and expenses paid by Defendant for products or services received by Vraj, Inc. (Document No. 42-3).

"Defendant's Responses To Plaintiff's Third Request For Production To Defendant" listed objections to document requests Nos. 28 through 36 as overly broad, ambiguous, not relevant, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. (Document No. 42-4). According to Defendant, statements of net worth have already been provided to Plaintiff from 2004 to present, and are supported by the production of federal tax returns and other highly sensitive documents that show in detail Defendant's financial condition dating back to 2004.

(Document No. 44 at 3). Defendant also contends that it has already "produced detailed income tax returns with all attachments and permitted the extensive questioning of Mr. Shah regarding Defendant's financial condition in his deposition." (Document No. 42-6).

Plaintiff acknowledges receipt of the tax returns, but contends that they lack relevant information about Defendant's actual value and net worth. (Document No. 42 at 7). Defendant responds that Plaintiff has provided no reasoning why the previously provided documents are not sufficient to show Defendant's net worth. (Document No. 44 at 12). Defendant also argues that it "has already specifically answered Plaintiff's Interrogatory on net worth." Id. Defendant's response to Plaintiff's Interrogatory No. 7 regarding net worth stated that "Defendant has a negative net worth." (Document No. 44-2 at 5-6). Plaintiff alleges that Defendant has made inconsistent representations about its financial condition which can only be reconciled by review and analysis of the requested financial records. (Document No. 51 at 4).

In attempting to resolve the current question of what, if any, additional financial information Defendant must provide, the undersigned has considered pertinent caselaw. First, in Interstate Narrow Fabrics, Inc. v. Century USA, Inc., the District Court for the Middle District of North Carolina found that there was a basis for punitive damage claims in that case and thus

> a "defendant's ability to pay punitive damages, as evidenced by its revenues or net worth," is relevant to the jury's determination of the amount of punitive damages to award. Therefore, tax returns which provide information as to a defendant's net worth are relevant if the defendant is potentially liable for punitive damages. See Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 105 (E.D.N.C.1993). In Blount, the court held that the defendant's tax returns would become relevant and discoverable **if and when plaintiff's punitive damages claims survived either a motion to dismiss or motion for summary judgment**.

Interstate Narrow Fabrics, Inc. v. Century USA, Inc., No. 1:02CV146, 2004 WL 444570 at *2

5

(M.D.N.C. Feb. 24, 2004)(unpublished)(internal citation omitted)(emphasis added).

In Blount, cited by both parties in this dispute, the court held that **if a motion to dismiss or for summary judgment as to punitive damages was denied** then Defendant would be required to produce financial records. Blount, 162 F.R.D. at 105. The financial documents sought in that case were tax returns for the previous five (5) years and annual financial statements. Id. at 104.

In another case relied on by both parties, the United States District Court for the District Of Kansas found that

> the current information of a party's net worth or financial condition [is] relevant to the issue of punitive damages. The most recent annual reports and current financial statements of the party suffice to determine punitive damages. All other financial information is irrelevant to determining punitive damages.

McCloud v. Board of Geary County Commissioners, No. 06-1002-MLB-DWB, 2008 U.S. Dist. LEXIS 30024 at *11 (internal citations omitted).

The United States District Court for the Eastern District of North Carolina has reached a similar conclusion on the issue of discoverability of financial information – namely, "because a defendant's financial condition has **some bearing on the determination of punitive damages**, [Defendant's] financial information is discoverable; however, the court will limit the disclosure to [Defendant's] current financial condition." Hester v. Cottrell Contracting Corp., No. 7:00-CV-BR(1), 2001 WL 1764200 at *4 (E.D.N.C. April 27, 2001)(emphasis added).

Finally, precedents from the Western District of North Carolina are consistent with those cited above. On the issue of tax returns, this Court has previously held that "returns are relevant to the subject matter in dispute **only after the plaintiff has made a prima facie showing that it is entitled to punitive damages**." Water Out Drying Corp. v. Allen, No. 3:05cv353-MU, 2006 U.S.

Dist. LEXIS 37867 at *2 (W.D.N.C. June 7, 2006)(emphasis added). This Court has also previously found as relevant a defendant's "present financial status for the purposes of punitive damages." Austell v. Smith, 112 F.R.D. 230, 233-34 (W.D.N.C. October 23, 1986).

Based on the foregoing, and Judge Conrad's determination that punitive damages will **not** be available in this case, the undersigned concludes that the document production Plaintiff seeks, above and beyond that already produced by Defendant, is not discoverable. By this decision the undersigned seeks to balance the standard of broad and liberal construction of the discovery rules with a protective limitation on overly broad and burdensome requests. Applying Judge Conrad's recent ruling granting Defendant's motion for summary judgment on the issue of punitive damages to relevant caselaw yields the conclusion that Defendant has already provided more than adequate financial information. Therefore, the undersigned will deny the motion to compel and grant the motion for protective order.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff Equal Employment Opportunity Commission's Motion To Compel Responses ..." (Document No. 41) is **DENIED** and "Defendant's First Motion For Protective Order" (Document No. 45) is **GRANTED**.

**SO ORDERED**.

Signed: July 18, 2008

David C. Keesler
United States Magistrate Judge