UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-111-RJC

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MAHA PRABHU, INC. d/b/a SUBWAY, | ) ) |
| Defendant. | ) ) ) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Maha Prabhu, Inc. d/b/a Subway ("Defendant") failed to hire Carmen Sullivan ("Sullivan") for the position of sandwich artist and/or cashier because it perceived her as disabled. Defendant denies that it discriminated against Sullivan on the basis of any disability in violation of the ADA and denies all liability as alleged in the Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission's Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:

(1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) Defendant does not acknowledge or admit any fault or liability by entry of this Consent Decree; and (4) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the total sum of Fifteen Thousand Five Hundred Dollars ($15,500.00) to Carmen Sullivan for compensatory damages in settlement of the claims raised in this action. Defendant shall issue an IRS Form 1099-MISC to Carmen Sullivan. Defendant shall make payment by issuing a check payable to Carmen Sullivan. Payment shall be made within twenty-one (21) days after the filing of the Consent Decree, and Defendant shall mail the check to Ms. Sullivan at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Sullivan.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall

eliminate from the employment records of Carmen Sullivan any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2006-00630, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against discrimination based on disability and perceived disability. Defendant shall distribute to its current employees a copy of its policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute its policy to each new employee and train each new employee on the policy at the time of hire.

6. During the term of this Consent Decree, Defendant shall post a copy of its policy described in paragraph 5, *supra*, in all of its facilities in a place where it is visible to employees. Within ten (10) days after the Consent Decree is entered, Defendant will post its policy and notify the Commission that it has been posted. If a policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

7. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination based on

3

Case 3:07-cv-00111-RJC-DCK   Document 75   Filed 07/21/08   Page 3 of 8

disability and perceived disability. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix A, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees at the facility. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    a. The identity of each applicant interviewed for a position with Defendant who, to Defendant's knowledge, has a physical or mental impairment at the time of

4

application, including by way of identification each person's full name, last known address and telephone number, position sought, and date of application;

b. For each person identified in 9.a above to whom an offer of employment was made, the date of the offer, the position offered, and whether the offer was accepted;

c. For each person identified in 9.a above to whom no offer of employment was made, the date of the decision not to make an offer of employment, the full name and job title of each Defendant employee who took part in the decision, and the reason no offer of employment was made.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. During the term of this Consent Decree, the Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's stores, interview non-management employees, interview management employees in the presence of Defendant's counsel or corporate representative, and examine and copy relevant, non-privileged documents. As part of a review for compliance with the posting requirements relating to the anti-discrimination policy and employee notice outlined in paragraphs 6 and 8, *supra*, the Commission may inspect Defendant's stores without notice. For any other review for compliance, the Commission will provide three (3) calendar days prior notice to Kamlesh Shah, owner, by facsimile to (704) 542-9808, of its intent to conduct an inspection at any of Defendant's stores and will identify the store(s) to be inspected.

11. If at anytime during the term of this Consent Decree, the Commission believes that the Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged

5

violation to the Defendant. The Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant shall have a period of twenty (20) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations, before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate. The Consent Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

**IT IS SO ORDERED**.

Signed: July 21, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree.

This the 21st day of July, 2008.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | MAHA PRABHU, INC., Defendant |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

　s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney
Email: lynette.barnes@eeoc.gov

TINA BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney
E-mail: tina.burnside@eeoc.gov

　s/ Kara Gibbon Haden
KARA L. GIBBON HADEN (NC Bar 26192)
Senior Trial Attorney
Email: kara.haden@eeoc.gov

MARY M. RYERSE (SC Bar 68387)
Trial Attorney
Email: mary.ryerse@eeoc.gov

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:  704.344.6887
Facsimile:   704.344.6780
ATTORNEYS FOR PLAINTIFF

MAHA PRABHU, INC., Defendant

　s/ Margaret M. Kingston
MARGARET M. KINGSTON, Esq.
(NC Bar 34837)
Email: mkingston@hedrickgardner.com
PAUL C. LAWRENCE, Esq. (NC Bar 20463)
Email: plawrence@hedrickgardner.com
JEREMY A. STEPHENSON, Esq.
(NC Bar 34623)
Email: jstephenson@hedrickgardner.com
HEDRICK GARDNER KINCHELOE & GAROFALO, LLP
6000 Fairview Road, Suite 1000
Charlotte, NC 28210
P.O. Box 30397
Charlotte, NC 28230
Telephone: (704) 366-1101
Facsimile: (704) 366-6181

ATTORNEYS FOR DEFENDANT

# EMPLOYEE NOTICE

1. This Notice is posted pursuant to a voluntary settlement between the U.S. Equal Employment Opportunity Commission and Maha Prabhu, Inc. d/b/a Subway in a case alleging discrimination based on an alleged perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). As a part of the settlement, Maha Prabhu, Inc. agreed to take the actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Maha Prabhu, Inc. will comply with such federal laws in all respects. Furthermore, Maha Prabhu, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 1801 L Street, N.W.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____.

**APPENDIX A**